Filed 10/27/20  P. v. Gix CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FLOYD WAYNE GIX Defendant and Appellant. | B302894 (Los Angeles County Super. Ct. No. TA055230) |

APPEAL from a judgment of the Superior Court of Los Angeles County, H. Clay Jacke, Judge.  Dismissed.

Paul Stubb, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

In 2000, a jury convicted appellant Floyd Wayne Gix of assault with a firearm (Pen. Code, § 245, subd. (a)(2))[1], corporal injury to spouse/cohabitant/child's parent (§ 273.5, subd. (a)), false imprisonment by violence (§ 236), and terrorist threats (§ 422). Following the jury trial, the court found true the allegations regarding appellant's two prior serious or violent felony convictions. (§§ 1170.12, subds. (a)-(d), 667, subds. (a)-(i).) The trial court denied appellant's motion to strike the prior convictions and imposed a sentence of 94 years and four months to life. We affirmed the judgment in our prior unpublished decision, *People v. Gix* (August 2, 2002, B146459) [nonpub.opn.].

On October 28, 2019, appellant filed a motion to correct a sentencing error. He argued that by relying on his out-of-state prior conviction for sentencing purposes, the court engaged in judicial fact finding "beyond merely identifying a prior conviction." The trial court denied appellant's motion, stating that he had "packaged and re-packaged the same issue, over and over again," without success. Appellant appealed.

Appellant's appointed counsel filed a brief requesting that we independently review the record for error pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We have received no response.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

**DISCUSSION**

We dismiss the appeal because appellant is not entitled to *Wende* review. "In an indigent criminal defendant's first appeal as a matter of right, the Court of Appeal must independently review the record if appointed counsel represents he or she has found no arguable issues." (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535, citing *Anders v. California* (1967) 386 U.S. 738; *Wende, supra*, 25 Cal.3d 436.) A defendant is not entitled to such review "in subsequent appeals." (*People v. Serrano* (2012) 211 Cal.App.4th 496, 503; see also *People v. Kisling* (2015) 239 Cal.App.4th 288, 290.) As this is an appeal from a motion for correction of a sentencing error, not a first appeal as a matter of right, appellant is not entitled to *Wende* review. Because neither appellant nor his counsel has raised any claims of error, we dismiss the appeal as abandoned. (See *Serrano, supra*, 211 Cal.App.4th at pp. 503-504; *Kisling, supra*, 239 Cal.App.4th at p. 292 & fn. 3.)

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


MANELLA, P. J.


WILLHITE, J.